## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**RODERICK SCOTT**                          **DOCKET NO. 5:16-cv-1414; SEC. P**

**VERSUS**                                  **JUDGE S. MAURICE HICKS, JR.**

**BIENVILLE PARISH SHERIFF'S**              **MAG. JUDGE KAREN L. HAYES**
**DEPT., ET AL.**

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed on October 7, 2016, by pro se Plaintiff Roderick Scott. Scott was granted leave to proceed *in forma pauperis*. Plaintiff is presently incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana. However, he complains that he was wrongfully accused of a crime in Bienville Parish. Plaintiff names as defendants the Bienville Parish Sheriff's Department, Judge Glen Fallin, Assistant District Attorney Tammy Gant, and Mia Prine.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Factual Allegations

Plaintiff alleges that, in June 2015, he was arrested in Bienville Parish and charged with the aggravated rape of Defendant, Mia Prine. Plaintiff was incarcerated from August 16, 2015, until October 29, 2015. Plaintiff states that the charges were dismissed due to the alleged victim "trying to run a scam for money." (Doc. 1, pp. 3-4). Plaintiff complains that he lost his job, relationship, and reputation as a result of the false charges. Plaintiff does not provide the reason for his present incarceration.

**Law and Analysis**

1.      Screening

Plaintiff is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

2.      False Arrest / Imprisonment

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." Baker v. McCollan, 443 U.S. 137, 145 (1979).  The constitutional torts of false arrest and false imprisonment require a showing of no probable cause. See Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). Plaintiff does not allege that the defendants lacked probable cause to arrest or detain him. Absent some

argument that the arresting officers lacked probable cause, Plaintiff cannot succeed on a false arrest/imprisonment claim. See Fields v. City of South Houston, 922 F.2d 183, 1189 (5th Cir. 1991).

Additionally, Plaintiff's innocence and the dismissal of the charge do not establish that a constitutional violation was committed. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released." Baker, 443 U.S. at 145 (citing Patterson v. New York, 432 U.S. 197, 208 (1977)).

3.     Named Defendants

Plaintiff cannot state a claim against any of the named defendants. First, Plaintiff's claim against Assistant District Attorney Tammy Gant fails because a prosecutor enjoys absolute immunity from personal liability for damages under § 1983 for actions taken in "initiating a prosecution and presenting the State's case" and those actions "intimately associated with the judicial phase of the criminal process." Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997).

Likewise, Plaintiff cannot maintain a claim against Judge Fallin because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).

Plaintiff cannot state a § 1983 claim against Defendant Mia Prine because she is not a state actor. Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

Finally, Plaintiff cannot state a claim against the Bienville Parish Sheriff's Department.  Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Under Louisiana law, to

possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any Parish Sheriff's Office. See Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department, 350 So.2d 236 (La.App. 3d Cir.), writ refused, 352 So.2d 235 (La. 1977).

4.      Prescription

        Moreover, it appears that Plaintiff's complaint is prescribed.  There is no federal statute of limitations, so federal courts borrow from the forum state's personal injury limitations period. See Wallace v. Kato, 549 U.S. 384, 387 (2007). As a result, the Fifth Circuit has approved application of Louisiana's one-year personal injury prescriptive period, as provided by Civil Code article 3492, for § 1983 actions. See Elzy v. Roberson, 868 F.2d 793, 794–95 (5th Cir. 1989); Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

        The accrual date of a § 1983 claim is, however, governed by federal law. See Wallace, 549 U.S. at 388. Generally, a § 1983 action will accrue when a plaintiff knows or has reason to know of the injury that is the basis of the complaint. See Lavelle v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980). In particular, when false arrest or false imprisonment claims are asserted, the limitations period will accrue when the claimant becomes held pursuant to legal process, not when the conviction is reversed or the charges are dismissed. See Wallace, 549 U.S. at 389–91. Assuming Plaintiff was held pursuant to legal process on or about August 16, 2015, as Plaintiff has not presented facts indicating otherwise, his claim accrued at that time, not on the date he was released from jail. Thus, the § 1983 claim would have prescribed on or about August 16, 2016.

**Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED and DISMISSED with prejudice pursuant to 28 U.S.C.§ 1915(e)(2)(b) and § 1915A.

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.**

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 7th day of November, 2016.

Karen L. Hayes
United States Magistrate Judge